Dear Ms. Hudnall:
In Attorney General Opinion 04-0145, this office concluded that the clerk of court lacks authority to notarize motor vehicle transfer documents. We based our opinion upon the language of R.S. 35:392.1(A) stating:
§ 392.1 Ex officio notaries
Any person, not a regularly commissioned notary, who is an exofficio notary, or who is otherwise authorized under the various revised statutes and codes of this state to administer oaths or exercise any or all of the functions, powers and authority of a notary, is authorized to perform those functions, powers, andauthority only as they are directly related to and required forthe operation of the office, agency, or department under which theauthority is granted. All acts which are performed beyond thespecific authority granted in the various statutes and codes ofthis state to administer oaths and to perform the functions,powers, and authority of a notary and which are not directlyrelated to or required for the operation of the office, agency, ordepartment shall be null and void. (Emphasis added).
Reviewing R.S. 35:392.1(A), this office concluded in Attorney General Opinion 04-0145:
 Thus, a clerk of court who is an ex officio notary is authorized to perform these functions only as they are "directly related to and required for the operation of the office, agency, or department". This office is of the opinion that a clerk of court may not notarize car titles and bills of sale which are submitted to the Department of Public Safety as this act is outside those functions relating to the clerk of court's office.
Subsequent to the release of Opinion 04-0145, Act 62 of the 2004 Regular Legislative Session enacting R.S. 35:392.1(B) became effective, providing:
The provisions of this Section shall not be applicable to documents notarized by a clerk of court or any of the deputy clerks of court who are employees of the clerk of court when suchdocuments are notarized within the course and scope of theiremployment with the office of clerk of court.
You urge that Act 62 of the 2004 Regular Legislative Session enacting R.S. 35:392.1(B) would permit a clerk of court and his deputies to notarize motor vehicles transfer documents because they are routinely presented such documents during the work day.
We interpret Subsections A and B to mean the following: (1) Subsection A permits a clerk and his deputies to notarize only those documents directly related to the operation of his office and (2) Subsection B does not remove the limitation expressed in Subsection A, rather, the clerk and his deputies are still to appear as notary only on those documents which relate to the official functions of the clerk's office, in the course and scope of their employment.
We have listened to the minutes of the Senate Judiciary Committee meeting conducted April 6, 2004 and the minutes of the House Civil Law and Procedure Committee meeting conducted May 10, 2004 concerning Act 62 of 2004 and find no further insight from the members' comments. We are mindful that it may well have been the intent of the drafters of Act 62 to broaden those documents which can be notarized by the clerk and his deputies. However, the existing language of the Subsection R.S. 35:392.1(B) is insufficient to accomplish this purpose. It is suggested that further legislative amendment is required.
Finally, we are aware of your reliance upon Attorney General Opinion 03-0431 in which the requestor asked, "does Act 1142 of the 2003 Regular Legislative Session [enacting R.S. 33:392.1(A)][1] restrict the notarial powers of the clerks of court?" We responded to that question in Attorney General Opinion 03-0431 stating:
 [R.S. 35:392.1] is applicable to persons who are not regularly commissioned notaries but who are otherwise authorized under various statutes and codes to administer oaths or exercise any or all functions of a notary, and authorizes them to perform those functions "only as they are directly related to and required for the operation of the office, agency, or department under which the authority is granted." (Emphasis added).
 In your request you have asked whether Act 1142 of 2003 "restricts the Notarial Powers of Deputy Clerks of Court", and we do not find that it "restricts" the powers of the deputy clerks of court, but places certain procedural requirements on all notaries. [R.S. 35:392.1(A)] authorizes "an ex officio notary" to perform _those functions as "directly related to and required for the operation of the office" under which the authority is granted. (Emphasis added).
 Therefore, in this respect it applies to elected officials who are not regularly commissioned notaries but are authorized to administer oaths or exercise the function of a notary.
We do not find that the notarization of a title transfer for a motor vehicle for a private party is directly or indirectly related to and required for the operation of the office of the Clerk of a District. Nor would notarization of vehicle title transfers occur ". . . within the course and scope of their employment with the office of Clerk of Court. . ." as alluded to in Act 62. Furthermore, we believe that an attempt to construe Attorney General Opinion 03-0431 as an authorization to clerks of court and their deputies to notarize private vehicle title transfers is a misinterpretation of that opinion. It clearly states that Act 1142 of 2003 does not restrict the powers of deputies; however, their notarial acts must be performed only as directly related to the official functions of the clerk's office.
The author of opinion 03-0431 was not asked, nor did opinion 03-0431 address, the question concerning motor vehicle transfer documents.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] Act 1142 of the 2003 Regular Legislative Session enacted R.S. 35:409 and was redesignated as R.S. 35:392.1 pursuant to the statutory revision authority of the Louisiana State Law Institute.